31196. ACKER *v.* THE STATE.

DECIDED APRIL 25, 1946.

*J. L. Wallace, Mrs. Charles Camp,* for plaintiff in error.
*Henderson Lanham, solicitor-general,* contra.

GARDNER, J. 1. As to the general grounds, counsel for the defendant contend that, since the whisky which was found by the officers had been distilled, before the officers arrived, from the unit of the distillery which the officers found steaming, and since

there had been no distillation of whisky in the other unit, there was no sufficient evidence to sustain a verdict of guilty. We do not think that under the facts of this case this position is tenable. It clearly appears from the evidence that each unit was a part of the entire distillery. Indeed, the State's evidence shows that this type of distillery often consists of "half a dozen" units. The jury were authorized to find, from all the facts and circumstances of this case, that the defendant beyond peradventure was operating the distillery. The defendant in his statement even admitted that he was at the still site and that he fled upon seeing the officers approaching.

The defendant introduced no evidence. In his statement he contended that he merely went to the still site to obtain a drink of whisky, and that he did not participate in its manufacture. There is no merit in the general grounds.

2. As to the special ground, under all the facts and circumstances of this case, it may be conceded that the statement of the defendant to the officers as to the ownership of the still may not have been a plenary confession. But, even in that event, we can not see that any harm resulted to the defendant from the court's charge upon confessions.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*